## STATE v JOHNS

Ohio Appeals, 2nd Dist, Montgomery Co.

No. 1622.   Decided May 21, 1940.

Nicholas Nolan, Prosecuting Attorney, Dayton; Lawrence Baver, Asst. Pros. Atty., Dayton, for plaintiff-appellee.

Scharrer, Scharrer, McCarthy & Hanaghan, Dayton, for defendant-appellant.

### OPINION

BY THE COURT:

This case is before this court upon appeal from the Court of Domestic Relations of Montgomery County, Ohio, wherein the defendant-appellant, upon trial by the court, was found guilty as he stood charged in an affidavit alleging that he had contributed to the delinquency of 'one Barbara Hunt, a minor of the age of 16 years, in that he did employ said minor to work in his place of business where wines and beers are sold; did permit her to associate with vicious and immoral persons; did permit her to associate with girls and women who practiced prostitution from his place of business.

The assignment of errors in this court is to the effect,

(1)   That the finding of the court is contrary to law, and

(2)   For other errors apparent upon the face of the record.

No matter is urged except that the judgment of the court is not sustained by the evidence.

Without going into detail, it is generally maintained by the defendant that Barbara Hunt came to his place of business seeking employment and that she then gave her age as 19 years; that he employed her and she worked for him for a day and a half, at which time she quit her employment. He maintained that he in no way contributed toward her delinquency or acted in a way tending to cause delinquency.

The State's evidence generally is to the effect that Barbara, a girl of 16 years ran away from her home in Dayton and sought employment at the defendant's place of business, where wines, beers, gin and other intoxicants were sold and the customers served by Barbara.

The evidence tends to show that after she had quit the employment that she frequented the place as a customer; that the place was a rendezvous for loose characters, both male and female, and that Barbara was offered the opportunity and aided in her associations with these people.

We have read the sordid record and do not wish to recite the facts further, except to say that we are of the opinion that there is ample evidence to sustain the judgment of the court. The defendant has conducted himself as a dangerous instrumentality in the community, whose activities can not do otherwise than promote immorality among young people. The evidence shows conclusively that his acts toward this particular girl were sufficient to

316

bring him within the penalties of
§1639-45 GC.

Judgment affirmed. Cause remanded.

HORNBECK, PJ., GEIGER & BARNES,
JJ., concur.

### APPLICATION FOR REHEARING

No. 1622. Decided June 7, 1940.

BY THE COURT:

On May 27, 1940, defendant filed his
application for rehearing, "for the rea-
son that the decision of the Court is
contrary to the weight of the evidence".

This application presents no new mat-
ter, as the weight of the evidence was
considered by the Court before render-
ing the opinion.

Application denied.

HORNBECK, PJ., GEIGER & BARNES,
JJ., concur.